**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**LAVERT K. MORRIS,**

      Petitioner,

v.                                       Civil Action No. **3:11CV360**

**ERIC D. WILSON,**

      Respondent.

**MEMORANDUM OPINION**

Lavert K. Morris, a federal inmate who is currently incarcerated in the Federal Correctional Institute in Petersburg, Virginia, submitted this petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). Morris contends that he did not receive due process in conjunction with his institutional conviction. Respondent moves to dismiss and for summary judgment. Morris has responded. The matter is ripe for disposition.

**I. Factual and Procedural History**

On November 29, 2009, Officer Diggs was "outside the rear of [the Federal Correctional Institution Fort Dix ('Ft. Dix')]" when he observed Morris sitting on a set of bleachers. (Br. Supp. Mot. Summ. J. Attach. 2.) Morris turned towards Diggs allowing Diggs to observe "a cord with what [Diggs] believed to be a[n] ear piece to a cellular phone" hanging from Morris's ear. (*Id.*) Diggs initiated a "pat search" of Morris during which Diggs "felt what [Diggs] believed to be a phone." (*Id.*) Diggs ordered Morris to give Diggs the phone. (*Id.*) In response, Morris ran inside a nearby building. (*Id.*) While chasing Morris, Diggs observed a "red and black virgin mobile cell phone" fall out of Morris's pants. (*Id.*)

On December 2, 2009, Ft. Dix staff presented Morris with a notice of disciplinary hearing charging him with "Possession, Manufacture or Introduction of a Hazardous Tool (cell phone)"

in violation of Bureau of Prisons ("BOP") Code 108.[1]  (*Id.* at Attach. 3.)  Morris declined to have a Ft. Dix staff member represent him and declined his right to call witnesses.  (*Id.*)

On December 11, 2009, an Disciplinary Hearing Officer ("DHO") held Morris's disciplinary hearing.  Morris again declined representation by a Ft. Dix staff member and declined his right to call witnesses.  (*Id.* at Attach. 5.)  The DHO read Diggs's incident report to Morris to which Morris responded, "'All that is true.'"  (*Id.*)  Considering Diggs's report and Morris's admission of guilt, the DHO found that Morris "commit[ed] the prohibited act of Code 108; Possession of a Hazardous Tool" and sentenced him to, *inter alia*, forty days disallowance of good conduct time and 472 days forfeiture of non-vested good conduct time.  (*Id.*)  As justification for the charge and sentence, the DHO stated the following:

> A cell phone falls under the classification of a hazardous tool, as it has been used to arrange rendezvous for escapes, and has been used to arrange contraband introductions, and further allows the inmate to make contact with individuals outside the institution, possibly for illicit or illegal activities, without the knowledge of staff.  In accordance with the memorandum dated October 4, 2006, submitted by C.E. Samuels, Warden,[2] a cell phone is considered a threat to the security and orderly running of the institution, not only of the inmate involved, but that of the entire institution.

---

[1] The Code of Federal Regulations placed BOP Code 108, "Possession, manufacture, or introduction of a hazardous tool," in the "Greatest Severity Prohibited Acts" category. 28 C.F.R. § 541.13 tbl. 3 (2009).  Hazardous tools are those "[t]ools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade." *Id.*  Punishment for violating BOP Code 108 may include forfeiture of up to 100% of non-vested good conduct time and disallowance of "ordinarily between 50 and 75% (27–41 days) of good conduct time credit available for year." *Id.*  The Court notes that BOP Code 108 was amended in June of 2010 to include portable telephones on the list of specific examples of hazardous tools. 28 C.F.R. § 541.3 (2011).

[2] (Br. Supp. Mot. Summ. J. Attach. 6.)

> Disciplinary Segregation, Forfeiture Non Vested Good Conduct Time, Disallowance of Good Conduct Time, loss of telephone, commissary, and visits, are meant to demonstrate the seriousness of the offenses to [Morris] as well as everyone incarcerated at this facility.

(*Id.* (capitalization corrected).)

BOP staff did not deliver the DHO's written report of the hearing to Morris until approximately nine months later, on or about September 1, 2010. (*Id.*) Morris appealed the DHO's ruling. (*See* § 2241 Pet. Ex. 1, Central Office Administrative Remedy Appeal.) Having exhausted his administrative remedies, Morris filed the instant § 2241 Petition. (§ 2241 Pet. 7.)

Based on the foregoing, Morris makes the following claims for relief:

| | |
|---|---|
| Claim 1 | Ft. Dix staff violated Morris's right to procedural due process when they charged him with a violation of BOP Code 108 (possession of a hazardous tool) rather than BOP Code 305 (possession of contraband).[3] (*Id.* at 4.) |
| Claim 2 | At Morris's disciplinary hearing, the DHO violated Morris's right to procedural due process by using an improper evidentiary standard when holding that Morris committed a violation of BOP Code 108. (*Id.* at 5.) |
| Claim 3 | BOP staff violated Morris's right to procedural due process when they did not deliver the DHO's written report to Morris within ten days. (*Id.* at 3.) |

In his response to Respondent's Motion for Summary Judgment, Morris adds a fourth claim:

| | |
|---|---|
| Claim 4 | The DHO violated Morris's right to procedural due process by sentencing him in excess of the maximum allowed under BOP regulations. (Pet'r's Resp. Mot. Summ. J. 1–2.) |

---

[3] BOP Code 305 prohibits the "[p]ossession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." 28 C.F.R. § 541.13 tbl. 3 (2010).

## II.    Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted).  When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n. 7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only cited materials . . . .").  Therefore, the Court's disposition of the Motion for Summary Judgment is based upon the materials Respondent submitted in support of the Motion for Summary Judgment and the materials Morris submitted in support of his § 2241 Petition and in opposition to the Motion for Summary Judgment.

4

Of course, the facts offered by affidavit or sworn declaration must also be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). In this regard, the statement in the affidavit or sworn declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citation omitted) (*citing Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990); *Md. Highways Contractors Ass'n v. Maryland,* 933 F.2d 1246, 1252 (4th Cir. 1991)).

In support of his motion for summary judgment, Respondent submits, *inter alia*, Diggs's incident report, Morris's notice of disciplinary hearing and notice of rights, the DHO's report, and the declaration of Lynnell Cox.[4] Morris submits a copy of the DHO's report and copies of his administrative appeals.

### III. Analysis

#### A.    Claim 1

Morris asserts that the Ft. Dix staff violated his rights to procedural due process when they charged him with a violation of BOP Code 108 rather than BOP Code 305. (§ 2241 Pet. 4.) Morris argues that, because the 2009 version of BOP Code 108 did not specifically address cell phone possession, Ft. Dix staff were prohibited from charging him under that provision. (*Id.* at 5.) However, on October 4, 2006, while Morris was incarcerated at Ft. Dix,[5] Warden Charles E. Samuels issued a memorandum to the Ft. Dix inmate population. (Br. Supp. Mot. Summ. J.

---

[4] Lynnell Cox is a Paralegal Specialist at the Federal Correctional complex in Butner, North Carolina. (Mem. Supp. Mot. Summ. J. Ex. 1 ("First Cox Decl.") ¶ 1.)

[5] BOP confined Morris at Ft. Dix from September 2001 to January 2010. (First Cox Decl. ¶ 5.)

5

Attach. 6.)  In the October 4, 2006 Memorandum, Warden Samuels stated that the "possession of electronic communication devices or related equipment such as a cell phone" would be considered a violation of BOP Code 108.  (*Id.*)

Even before the June 2010 amendment to BOP Code 108, 28 C.F.R. § 541.3 (adding portable telephones as an example of hazardous tools), courts consistently upheld the BOP's interpretation of Code 108 to include cell phones. *See, e.g.*, *Hicks v. Yost*, 377 F. App'x 223, 224–25 (3d Cir. 2010); *Robinson v. Warden*, 250 F. App'x 462, 464 (3d Cir. 2007); *Conde-Rodriguez v. Adler*, No. 1:09–cv–02241–LJO–SMS–HC, 2010 WL 2353522, at *9 (E.D. Cal. June 9, 2010) ("As an instrument of communication, the telephone necessarily constitutes a hazardous tool with respect to the security of the institution."); *Eason v. Owen*, No. 3:09–2611–JFA–JRM, 2010 WL 3192932, at *3 (D.S.C. Apr. 30, 2010).  Thus, Morris fails to show that Ft. Dix staff violated his due process rights by charging him with possession of a hazardous tool after he had admitted to being in possession of a cell phone.  Accordingly, Claim 1 will be DISMISSED.

**B.    Claim 2**

In Claim 2, Morris asserts that the DHO violated Morris's right to procedural due process at the disciplinary hearing by using an improper evidentiary standard when holding that Morris committed a violation of BOP Code 108.  (§ 2241 Pet. 5.)  When an inmate brings a habeas petition to challenge the sufficiency of the evidence underlying a revocation of his good time credits, due process simply requires that "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S.

445, 454 (1985).[6] "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56 (*citing United States ex rel. Vajtauer v. Comm'r Immigration*, 273 U.S. 103, 106 (1927)).

Here, the record reflects that Morris, having heard Diggs's report stating that Morris possessed a cell phone then dropped it as he fled, stated, "All that is true." (Br. Supp. Mot. Summ. J. Attach. 5, at 2.) Additionally, when asked where he had gotten the phone, Morris stated, "I borrowed it." (*Id.*) Thus, because an abundance of evidence supports the DHO's finding of guilt, Morris fails to show that the DHO's decision does not meet the "some evidence" standard. Accordingly, Claim 2 will be DISMISSED.

### C.    Claims 3 & 4

In Claim 3, Morris states that the BOP's nine-month delay in delivering a written copy of the DHO's report "violat[ed] [Morris's] right to due process of law." (§ 2241 Pet. 3.) BOP regulations state that, after a disciplinary hearing, "[t]he DHO shall give the inmate a written copy of the decisions and disposition, *ordinarily* within 10 days of the DHO's decision." 28

---

[6] Additionally, the Constitution guarantees the following additional procedural protections prior to revoking vested good time credits:

> (1) an impartial tribunal; (2) written notice of the charges prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are complex; and, (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action.

*Coor v. Stansberry*, No. 3:08CV61, 2008 WL 8289490, at *2 (E.D. Va. Dec. 31, 2008) (*citing Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974)). Morris, however, does not allege that anyone violated these procedural protections in his case.

C.F.R. § 541.17(g) (2009) (emphasis added). Here, the BOP claims that "unforseen [sic] reasons" kept them from timely delivering the report to Morris.[7] (Br. Supp. Mot. Summ. J. Attach. 5, at 3.) Nevertheless, the BOP afforded Morris the opportunity to appeal, and Morris took advantage of it. (*See* § 2241 Pet. Ex. 1, at 5–7.) Thus, Morris does not establish prejudice from the delay. *Wagman v. Warden FCI—Edgefield*, No. 8:04–22822–SB, 2006 WL 686482, at *2 (D.S.C. Mar. 13, 2006) (citing cases for the prospect that "[p]rocedural errors in the prison discipline process are subject to 'harmless error' analysis."). Accordingly, Claim 3 will be DISMISSED.

In Claim 4, Morris asserts that the DHO violated Morris's right to procedural due process by sentencing him in excess of the maximum allowed under BOP regulations. (Pet'r's Resp. Mot. Summ. J. 1–2.) Claim 4 lacks factual merit. The maximum penalties for a violation of BOP Code 108 include "[f]orfeit[ure of] earned statutory good time or non-vested good conduct time (up to 100%) . . . [and/or] [d]isallow[ance of] ordinarily between 50 and 75% (27-41 days) of good conduct time credit available for year." 28 C.F.R. § 541.13 tbl. 3 (2009). The DHO sentenced Morris to 472 days forfeiture of non-vested good conduct time and 40 days disallowance of good conduct time. (Br. Supp. Mot. Summ. J. Attach. 5, at 2.) The DHO's sentence is within the range specified by 28 C.F.R. § 541.13 (2009). Accordingly, Claim 4 will be DISMISSED.

---

[7] Respondent points out that the BOP transferred Morris to a different facility shortly after the hearing. (Br. Supp. Mot. Summ. J. 4 n.1, 12–13; First Cox Decl. ¶ 5.)

### IV.    Conclusion

For the foregoing reasons, Respondent's Motion for Summary Judgment (Docket No. 3) will be GRANTED.  Morris's claims will be DISMISSED and the § 2241 Petition will be DENIED.  The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
James R. Spencer
United States District Judge

Date: 2 - 27 - 12
Richmond, Virginia

9